IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN JACKSON,

       Petitioner,              No. CIV S-09-2307 MCE DAD P

   vs.

JOHN W. HAVILAND,

       Respondent.          FINDINGS & RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole for two years at his ninth subsequent parole consideration hearing held on November 6, 2007.  He claims that the Board's decision violated his right to due process.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I.  Procedural Background

       Petitioner is confined pursuant to a 1986 judgment of conviction entered against him in the Los Angeles County Superior Court following his conviction on charges of

/////

1

1  kidnapping for robbery.  (Pet. at 1.)[1]  Pursuant to that conviction, petitioner was sentenced to

2  seven years to life plus three years in state prison.  (Id.)

3          Petitioner's ninth subsequent parole consideration hearing, which is placed at

4  issue by the instant petition, was held on November 6, 2007.  (Pet. at 30.)  Petitioner appeared at

5  and participated in the hearing.  Id. at 30-122.  Following deliberations held at the conclusion of

6  the hearing, the Board panel announced both their decision to deny petitioner parole for two

7  years and the reasons for that decision.  Id. at 123-34

8          On February 6, 2008, petitioner filed a petition for writ of habeas corpus in the

9  Los Angeles County Superior Court challenging the Board's 2007 decision.  (Answer, Ex. A.)

10  That court denied the petition in a reasoned decision on the merits of petitioner's claims.

11  (Answer, Ex. B.)  Petitioner subsequently challenged the Board's 2007 decision in a petition for

12  writ of habeas corpus filed in the California Supreme Court.  (Answer, Ex. C.)  That petition was

13  summarily denied.  (Answer, Ex. D.)

14          Petitioner then filed his federal application for habeas relief in this court.  Therein,

15  petitioner contends that the Board's 2007 decision finding him unsuitable for parole after he had

16  served "his minimum and maximum" violated his right to due process because there was no

17  evidence before the Board establishing that he was a then-current threat to public safety.  (Pet. at

18  4, 6, 10-12.)  Petitioner argues that the Board improperly relied on his commitment offense and

19  prior criminal history to find him unsuitable for parole even though those factors "will never

20  change."  (Id. at 5, 7.)  In this regard, petitioner disagrees that his crime was carried out in a "very

21  callous manner," as found by the Board.  (Id. at 5-6.)  Petitioner also argues that he has met all of

22  the standards established under California law indicating that he is suitable for parole, whereas he

23  does not meet the state criteria for a finding of unsuitability.  (Id. at 9.)  Petitioner further argues

24  that the Board improperly relied on his prison disciplinary record to find him unsuitable for

25  _____

26  [1] Page number citations such as these are to the page number reflected on the court's
CM/ECF system and not to page numbers assigned by the parties.

2

1  parole.  (Id. at 13.)  He contends that the conduct underlying his prison disciplinary record does

2  not justify a finding that he is dangerous.  (Id. at 13-14.)  In short, petitioner claims that the

3  Board's 2007 decision to deny him parole was not supported by "some evidence" that he posed a

4  current danger to society if released from prison, as required under California law.

5  II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

6          The Due Process Clause of the Fourteenth Amendment prohibits state action that

7  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

8  due process violation must first demonstrate that he was deprived of a liberty or property interest

9  protected by the Due Process Clause and then show that the procedures attendant upon the

10  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

11  490 U.S. 454, 459-60 (1989).

12          A protected liberty interest may arise from either the Due Process Clause of the

13  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

14  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

15  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

16  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

17  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

18  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

19  person to be conditionally released before the expiration of a valid sentence.").  However, a

20  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

21  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

22  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

23          California's parole scheme gives rise to a liberty interest in parole protected by the

24  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

25  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

26  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

3

1  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz,

2  ___ F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not

3  disturb our precedent that California law creates a liberty interest in parole.")  In California, a

4  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

5  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

6  Cal.4th 616, 651-53 (2002).

7           In Swarthout, the Supreme Court reviewed two cases in which California

8  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

9  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

10  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

11  requires fair procedures, "and federal courts will review the application of those constitutionally

12  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

13  procedures required are minimal" and that the "Constitution does not require more" than "an

14  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

15  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

16  decisions that went beyond these minimal procedural requirements and "reviewed the state

17  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

18  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

19  the application of the "some evidence" standard to parole decisions by the California courts as a

20  component of the federal due process standard.  Id. at 862-63.[2]  See also Pearson, 2011 WL

21  1238007, at *4.

22

23           [2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
   parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
   Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
   rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1   III.  Petitioner's Claims

2              As noted above, here petitioner seeks federal habeas relief on the grounds that the

3   Board's 2007 decision to deny him parole, and the findings upon which that denial was based,

4   were not supported by "some evidence" that he posed a current danger to society if released from

5   prison as required under California law.  (Pet. at 12, 14-24.)  However, under the Supreme

6   Court's decision in Swarthout this court may not review whether California's "some evidence"

7   standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v.

8   Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th

9   Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of

10  parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing

11  more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v.

12  Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in

13  Swarthout, California's parole scheme creates no substantive due process rights and any

14  procedural due process requirement is met as long as the state provides an inmate seeking parole

15  with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson,

16  2011 WL 1238007, at *3 ("While the Court did not define the minimum process required by the

17  Due Process Clause for denial parole under the California system, it made clear that the Clause's

18  requirements were satisfied where the inmates 'were allowed to speak at their parole hearings

19  and to contest the evidence against them, were afforded access to their records in advance, and

20  were notified as to the reasons why parole was denied.'")

21             The federal habeas petition pending before the court in this case reflects that

22  petitioner was represented by counsel at his 2007 parole suitability hearing.  (Pet. at 31.)  As

23  noted above, the record also establishes that at his 2007 hearing petitioner was given the

24  opportunity to be heard and received a statement of the reasons why parole was denied by the

25  Board panel.  That is all the process that was due petitioner under the Constitution.  Swarthout,

26  131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3;

5

1  Pearson, 2011 WL 1238007, at *3.  It now plainly appears that petitioner is not entitled to relief

2  with respect to his due process claims.  Accordingly, the pending petition should be denied.

3  IV.  Conclusion

4         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

5  a writ of habeas corpus be denied.

6         These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

8  one days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11 shall be served and filed within fourteen days after service of the objections.  Failure to file

12 objections within the specified time may waive the right to appeal the District Court's order.

13 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

14 1991).

15        In any objections he elects to file, petitioner may address whether a certificate of

16 appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

17 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

18 certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

19 Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

20 appealability to review the denial of a habeas petition challenging an administrative decision

21 such as the denial of parole by the parole board).

22 DATED: May 19, 2011.

23

24                                          _____

25 DAD:8:                                   DALE A. DROZD
   jackson2307.hc                           UNITED STATES MAGISTRATE JUDGE
26